Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CARLOS H. PEREZ

FILED

2011 JUL -7 A 11: 19

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. SAN JOSE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| CARLOS H. PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>GORDON & WONG LAW GROUP, P.C., a California corporation; AMY LOUISE GORDON, individually and in her official capacity; MITCHELL LEWIS WONG, individually and in his official capacity; and ANDREW ARNOLD FORD, individually and in his official capacity,<br><br>Defendants. | Case No. CV11-03323 PSG<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, CARLOS H. PEREZ, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

- 1 -
COMPLAINT

engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

  a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

  b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

  c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

  d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

  e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

///

---
[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V. PARTIES

8. Plaintiff, CARLOS H. PEREZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

9. Defendant, GORDON & WONG LAW GROUP, P.C. (hereinafter "G&W"), is a California corporation engaged in the business of collecting debts in this state with its principal place of

business located at: 510 Myrtle Avenue, Suite 102, South San Francisco, California 94080. G&W may be served at the address of its Agent for Service of Process at: Gordon & Wong Law Group, P.C., c/o Amy L. Gordon, Agent for Service, 510 Myrtle Avenue, Suite 102, South San Francisco, California 94080. The principal purpose of G&W is the collection of debts using the mails and telephone, and G&W regularly attempts to collect debts alleged to be due another. G&W is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, AMY LOUISE GORDON (hereinafter "GORDON"), is a natural person and a licensed attorney in the state of California. GORDON is or was an employee, agent, and/or director of G&W at all relevant times. GORDON may be served at her current business address at: Amy Louise Gordon, Gordon & Wong Law Group, P.C., 510 Myrtle Avenue, Suite 102, South San Francisco, California 94080. GORDON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that GORDON is liable for the acts of G&W because she sets and approves G&W collection policies, practices, procedures and she directed the unlawful activities described herein.

11. Defendant, MITCHELL LEWIS WONG (hereinafter "WONG"), is a natural person and a licensed attorney in the state of California WONG is or was an employee, agent, and/or director of G&W at all relevant times. WONG may be served at his current business address at: Mitchell Lewis Wong, Gordon & Wong Law Group, P.C., 510 Myrtle Avenue, Suite 102, South San Francisco, California 94080. WONG is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that WONG is liable for the acts of G&W because he sets and approves G&W collection policies, practices, procedures and he directed the unlawful activities described herein.

12. Defendant, ANDREW ARNOLD FORD (hereinafter "FORD"), is a natural

person and a licensed attorney in the state of California. FORD is or was an employee, agent, and/or director of G&W at all relevant times. FORD may be served at his current business address at: Andrew Arnold Ford, Gordon & Wong Law Group, P.C., 510 Myrtle Avenue, Suite 102, South San Francisco, California 94080. FORD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that FORD is liable for the acts of G&W because he sets and approves G&W collection policies, practices, procedures and he directed the unlawful activities described herein.

13. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

14. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Discover Bank (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

16. On or about January 14, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Santa Clara County captioned *Discover Bank v. Carlos H. Perez, et al.*,

1  Case No. 1-11-CV-191911 (hereinafter the "*Discover Bank v. Perez* complaint"), which sought to collect $15,565.26 in damages, pre-judgment interest at the rate of 10% per annum from December 6, 2010, and attorneys fees pursuant to Cal. Civil Code § 1717.5 in the amount of the lesser of $800 or 25% of the principal.

17. A true and accurate copy of the *Discover Bank v. Perez* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

18. The *Discover Bank v. Perez* complaint (Exhibit "1") stated as follows:

> Plaintiff alleges that within four (4) years prior to the commencement of this action, Defendants became indebted to Plaintiff in the sum of $15,565.26, and the obligation was, and is now, due and payable in the County of SANTA CLARA, and this is the proper court of venue and jurisdiction for the prosecution of this action.

19. Plaintiff is informed and believes, and thereon alleges, that Discover Bank is a national banking association engaged in the business of consumer lending and debt collection in this state with its principal place of business located at: 502 East Market Street, Greenwood, Delaware 19950.

20. Plaintiff is informed and believes, and thereon alleges, that the Customer Agreement between Plaintiff and Discover Bank states in relevant part as follows:

> Governing Law. This Agreement and any claim or dispute arising out of this Agreement will be governed by applicable federal law and, to the extent state law applies, Delaware law.

21. The Delaware statute of limitations for breach of a credit card agreement is three years. *See* 10 Del. Code § 8106; *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1 (Cal. Super. Ct. 2009).

22. Discover Bank's claims against Plaintiff accrued more than three years prior to the filing of the *Discover Bank v. Perez* complaint (Exhibit "1"). *See, e.g., McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011); *Freyermuth v. Credit Bureau Servs., Inc.*,

248 F.3d 767, 771 (8th Cir. 2001); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987).

23. The *Discover Bank v. Perez* complaint (Exhibit "1") misrepresented the character and legal status of the debt.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants drafted, filed and served the *Discover Bank v. Perez* complaint (Exhibit "1") in an attempt to collect a debt that was known by Defendants to be barred by the applicable statute of limitations.

25. The *Discover Bank v. Perez* complaint (Exhibit "1") alleged an entitlement to attorney's fees pursuant to Cal. Civil Code § 1717.5.

26. Because Discover Bank is a national banking association, Defendants were not entitled to seek attorneys fees under California Civil Code § 1717.5.

27. The *Discover Bank v. Perez* complaint (Exhibit "1") misrepresented the compensation which may be received for collecting the debt.

28. The *Discover Bank v. Perez* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by an attorney.

29. Plaintiff is informed and believes, and thereon alleges, that no attorney conducted a professional review of Plaintiff's account before filing the *Discover Bank v. Perez* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) *and Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

30. Plaintiff is informed and believes, and thereon alleges, that the *Discover Bank v. Perez* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

31. Plaintiff is informed and believes, and thereon alleges, that the *Discover Bank v. Perez* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby

making false statements in an attempt to collect a debt.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

34. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

35. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

36. Defendant, G&W, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37. Defendant, GORDON, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

38. Defendant, WONG, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39. Defendant, FORD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

40. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

41. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of 15 U.S.C. § 1692e(2)(B);

    d. Defendants attempted to collect attorney's fees from Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    e. Defendants misrepresented that they were lawfully entitled to attorney's fees pursuant to Cal. Civil Code § 1717.5, in violation of 15 U.S.C. § 1692e(10);

    f. Defendants falsely represented or implied that an attorney had reviewed Plaintiff's account when no attorney had done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    g. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    h. Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

    i. Defendants filed a lawsuit against Plaintiff in an attempt to collect a debt that was known by Defendants to be barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f; and

    j.    Defendants attempted to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

42.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

43.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

44.    Plaintiff brings the second claim for relief against Defendant G&W only, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

45.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

46.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

47.    Defendant, G&W, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

48.    The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

49.    Defendant, G&W, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a.    G&W made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[2]

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).

b. G&W misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[3]

c. G&W misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[4]

d. G&W attempted to collect attorney's fees from Plaintiff pursuant to Cal. Civil Code § 1717.5, an action that cannot legally be taken or that was not intended to be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[5]

e. G&W misrepresented that Defendants were lawfully entitled to attorney's fees pursuant to Cal. Civil Code § 1717.5, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[6]

f. G&W falsely represented or implied that an attorney had reviewed Plaintiff's account when No attorney had done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7]

g. G&W falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[8]

h. G&W misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[9]

i. G&W filed a lawsuit against Plaintiff in an attempt to collect a debt that was known by Defendants to be barred by the applicable statute of limitations, in violation of Cal.

---

[3] 15 U.S.C. § 1692e(2)(A).
[4] 15 U.S.C. § 1692e(2)(B).
[5] 15 U.S.C. § 1692e(5).
[6] 15 U.S.C. § 1692e(10).
[7] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[9] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

- 11 -
COMPLAINT

Civil Code § 1788.17;[10] and

    j. G&W attempted to collect interest, fees or other charges from Plaintiff that are not expressly authorized by the agreement creating the alleged debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17.[11]

50. G&W's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

51. As a result of G&W's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

52. As a result of G&W's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

53. As a result of G&W's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[12]

54. As a result of G&W's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[13]

55. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[10] 15 U.S.C. § 1692f.
[11] 15 U.S.C. § 1692f(1).
[12] 15 U.S.C.§ 1692k(a)(2)(A).
[13] 15 U.S.C.§ 1692k(a)(3).

1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c) Declare that Defendant, G&W, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[14]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[15] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
CARLOS H. PEREZ

---

[14] 15 U.S.C. § 1692k(a)(2)(A).
[15] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CARLOS H. PEREZ, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

- 14 -
COMPLAINT

Amy L. Gordon, Esq. (143560)
Mitchell L. Wong, Esq (170856)
Andrew Ford, Esq (237481)
**Gordon & Wong Law Group, P.C.**
510 Myrtle Ave., Suite 102
South San Francisco, CA 94080
(877) 275-4979, (650)583-9010 fax
Our File Number: 10-13264

ATTORNEY FOR Plaintiff,
DISCOVER BANK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| DISCOVER BANK<br><br>Plaintiff<br>v.<br>CARLOS H PEREZ; and<br>Does 1 through 20, Inclusive<br><br>Defendants | CASE NO.: 111CV191811<br><br>COMPLAINT FOR MONEY ON:<br>1. OPEN BOOK ACCOUNT &<br>2. ACCOUNT STATED<br>Demand Amount: $15,565.26<br>Limited |

Plaintiff alleges as follows:

### FIRST CAUSE OF ACTION
#### (Open Book Account)

1. Plaintiff is now and was at all times mentioned a corporation authorized to do so and is engaged in doing business in the State of California.

2. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named in this action as Does 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

3. Said action is not on a contract of installment sale for goods or services subject to Civil Code Section 1801, etc. (Unruh Act), nor is it on a conditional sales contract subject to Civil Code Sections 2981, etc. (Rees-Levering Motor Vehicle Sale and Finance Act).

COMPLAINT                    -1-

**EXHIBIT 1**

4. This action is subject to Code of Civil Procedure Section 395(b). Defendants are and at all relevant times have been residents of, and the agreement was executed in this judicial district in the County of SANTA CLARA, California.

5. Plaintiff alleges that within four (4) years prior to the commencement of this action, Defendants became indebted to Plaintiff in the sum of $15,565.26, and the obligation was, and is now, due and payable in the County of SANTA CLARA, and this is the proper court of venue and jurisdiction for the prosecution of this action.

6. Plaintiff alleges with the four years last past, Defendants became and are now indebted to Plaintiff DISCOVER BANK, in the sum of $15,565.26, the balance due from Defendants to Plaintiff on open book account for goods, wares and merchandise sold and delivered and services rendered to Defendants at the request of Defendants. Defendants have not paid any of that sum representing a payment/credit, leaving a total outstanding principal balance due of $15,565.26.

### SECOND CAUSE OF ACTION
(Account Stated)

7. Plaintiff realleges and incorporates in this cause of action the allegations of Paragraphs 1 through 6, inclusive, of the First Cause of Action.

8. Plaintiff alleges that within the last four years, an account was stated by and between Plaintiff and Defendants, at which time it was found to be and there is now due from Defendants the sum of $15,565.26 for and on account of goods, wares and merchandise sold and delivered and services rendered to Defendants at the request of Defendants.

**WHEREFORE**, Plaintiff prays judgment against Defendants, and each of them, as follows:

AS TO ALL CAUSES OF ACTION:

1. Principal in the sum of $15,565.26, together with interest thereon at the rate of 10 per

COMPLAINT -2-

annum from December 06, 2010

2. Attorneys fees pursuant to Civil Code 1717.5 in the amount of the lesser of $800 or 25% of the principal;

3. Costs of suit incurred in this action; and

4. Such other and further relief as the court may deem proper.

January 06, 2011

GORDON & WONG LAW GROUP

By:

Andrew Ford/Mitchell Wong/Amy Gordon
Attorneys for Plaintiff
DISCOVER BANK

COMPLAINT -3-