1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARLOS H. PEREZ,                                    ) | Case No.: 11-CV-03323-LHK |
|                                                    ) | |
|              Plaintiff,                            ) | ORDER DENYING MOTION FOR |
|       v.                                           ) | SUMMARY JUDGMENT; GRANTING |
|                                                    ) | IN PART AND DENYING IN PART |
| GORDON & WONG LAW GROUP, P.C., a                   ) | MOTION TO STRIKE AFFIRMATIVE |
| California corporation; AMY LOUISE                 ) | DEFENSES |
| GORDON, individually and in her official           ) | |
| capacity; MITCHELL LEWIS WONG,                     ) | |
| individually and in his official capacity; and     ) | |
| ANDREW ARNOLD FORD, individually and in ) | |
| his official capacity,                             ) | |
|                                                    ) | |
|              Defendants.                            ) | |
| _____)       | |

Plaintiff Carlos H. Perez ("Plaintiff" or "Perez") brings this action against Defendants

Gordon & Wong Law Group, P.C., a debt collection law firm, and its various employees

(collectively "Defendants"), for violations of the federal Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and California's Rosenthal Fair Debt Collection Practices

Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq. See* ECF No. 1 ("Compl.") ¶ 1. The matter

comes before the Court now on two motions: (1) Defendants' Motion for Summary Judgment, ECF

No. 18 ("MSJ"); and (2) Plaintiff's Motion to Strike Defendants' Affirmative Defenses pursuant to

1

1    Federal Rule of Civil Procedure 12(f), ECF No. 15 ("MTS"), both of which are fully briefed.

2    Pursuant to Civil Local Rule 7-1(b), the Court found that these motions were appropriate for

3    determination without oral argument and vacated the March 15, 2012 hearing.[1]  Having considered

4    the submission of the parties and the relevant law, the Court DENIES Defendants' motion for

5    summary judgment, and GRANTS IN PART and DENIES IN PART Plaintiff's motion to strike.

6    **I.      BACKGROUND**

7          On July 7, 2011, Plaintiff filed a complaint and demand for jury trial against defendants for

8    alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§

9    1692, *et seq*., and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal.

10   Civ. Code §§ 1788, *et seq*.  Compl.  ¶ 1.  Defendants Amy Louise Gordon ("Gordon"), Mitchell

11   Lewis Wong ("Wong"), and Andrew Arnold Ford ("Ford") are all licensed California attorneys

12   employed by the California-based law firm Gordon & Wong Law Group, P.C. ("Gordon & Wong

13   Law Group").  Compl. ¶¶ 9-13.  Plaintiff alleges that on or about January 14, 2011, Defendants

14   unlawfully attempted to collect a debt by filing a lawsuit on behalf of Discover Bank against

15   Plaintiff in the Superior Court of California, Santa Clara County, captioned *Discover Bank v.*

16   *Carlos H. Perez, et al.*, Case No. 1-11-CV-191911 ("the state court action").  Compl. ¶¶ 14-16.

17   Plaintiff alleges that Defendants intentionally misrepresented, among other things, the character

18   and legal status of the debt they were attempting to collect, in violation of federal and state debt

19   collection laws.  *See id*. ¶¶ 21-24, 42.

20         Defendants filed an Answer, in which they asserted fifteen affirmative defenses: (1) failure

21   to state a claim; (2) statute of limitations / laches; (3) bona fide error; (4) unclean hands;  (5) no

22   willful conduct; (6) failure to mitigate; (7) waiver; (8) good faith; (9) apportionment; (10)

23   supervening clause; (11) equitable indemnity; (12) First Amendment; (13) res judicata; (14)

24   collateral estoppel; and (15) lack of standing.  *See* ECF No. 12 ("Answer") at 9-12.  Plaintiff then

25   filed the instant motion to strike all fifteen affirmative defenses pursuant to Federal Rule of Civil

26

27

28   _____
     [1] The case management conference took place as scheduled on March 15, 2012.

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

1    Procedure 12(f).  Defendants filed an opposition, *see* ECF No. 16 ("Opp'n to MTS"); and Plaintiff

2    filed a reply, *see* ECF No. 17 ("MTS Reply").

3          On October 18, 2011, Defendants also filed a motion for summary judgment on the ground

4    that Plaintiff's claims are precluded under the doctrine of res judicata.  *See* MSJ at 7.  Plaintiff filed

5    an opposition, *see* ECF No. 20 ("Opp'n to MSJ"), and Defendants filed a reply, *see* ECF No. 22

6    ("MSJ Reply").  Defendants attach documents to their motion showing that in the state court action

7    against Perez filed by Defendants on Discover Bank's behalf, Perez filed a cross-complaint on

8    March 14, 2011, against Discover Bank and Roes 1 through 10 for violations of California's

9    Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788-1788.33.  *See* Defendants'

10   Request for Judicial Notice ("Defs.' RJN"), Ex. A ("state cross-complaint"), ECF No. 18-1.[2]  On

11   May 25, 2011, the Moore Law Group substituted for Gordon & Wong Law Group as counsel for

12   Discover Bank in the state action.  *See* Pl.'s RJN Ex. A, ECF No. 20-4.  Shortly thereafter, on or

13   about June 6, 2011, Discover Bank and Perez entered into a Release and Settlement Agreement

14   settling all claims, but specifically excluding Gordon & Wong Law Group, Wong, Ford, and

15   Gordon from the release.  *See* Decl. of Fred W. Schwinn in Opp'n to Defs.' Mot. for Summ. J.

16   ("Schwinn Decl.") ¶ 4 & Ex. B, ECF No. 20.  Pursuant to the Release and Settlement Agreement,

17   Discover Bank dismissed its complaint against Perez with prejudice on June 8, 2011, *see* Pl.'s RJN

18   Ex. C, and Perez dismissed his cross-complaint against Discover Bank with prejudice on June 10,

19   2011, *see* Defs.' RJN Ex. B.

20   **II.    MOTION FOR SUMMARY JUDGMENT**

21        **A.  Legal Standard**

22

23   _____

[2] Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of the following
24   documents filed in the action entitled *Carlos H. Perez v. Discover Bank, et al.*, Case No. 1-11-CV-
     191911, before the Superior Court of California, County of Santa Clara: (1) Perez's Cross-
25   Complaint, filed March 14, 2011, Defs.' RJN Ex. A; (2) Perez's Request for Dismissal, filed June
     10, 2011, Defs.' RJN Ex. B; (3) the "Substitution of Attorney – Civil" Form, filed by Discover
26   Bank on May 25, 2011, *see* Plaintiff's Request for Judicial Notice ("Pl.'s RJN"), Ex. A; and (4)
     Discover Bank's Request for Dismissal, filed June 8, 2011, Pl.'s RJN Ex. C.  *See United States v.*
27   *Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of court
     records in another case); *accord United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).
28

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

United States District Court
For the Northern District of California

1    Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary

2    judgment if the movant shows that there is no genuine dispute as to any material fact and the

3    movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those

4    that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

5    (1986). A dispute as to a material fact is "genuine" if the evidence is such that "a reasonable jury

6    could return a verdict for the nonmoving party." *See id.* The moving party bears the initial

7    responsibility for informing the district court of the basis for its motion and identifying those

8    portions of the evidentiary record that it contends demonstrate the absence of a genuine issue of

9    material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly

10   supported motion for summary judgment "may not rest upon the mere allegations or denials of

11   [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for

12   trial." *Anderson*, 477 U.S. at 248 (internal quotation marks and citation omitted). The nonmoving

13   party need not show the issue will be resolved conclusively in its favor. *See id.* at 248-49. All that

14   is necessary is submission of sufficient evidence to create a material factual dispute, thereby

15   requiring a jury or judge to resolve the parties' differing versions at trial. *See id.*

16       **B. Discussion**

17       Defendants argue that Plaintiff's dismissal with prejudice of his cross-complaint in the state

18   court action against Discover Bank pursuant to a settlement agreement precludes his claims in this

19   action.[3] Federal courts give full faith and credit to state court judgments. *See* U.S. Const. art. IV, §

20   1; 28 U.S.C. § 1738; *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). To determine the

21   preclusive effect of a state court judgment, federal courts apply state preclusion rules. *See Kay v.*

22   *City of Rancho Palos Verdes,* 504 F.3d 803, 808 (9th Cir. 2007).

23

24   [3] The parties here use the term "res judicata" to refer to "claim preclusion" and the term "collateral
     estoppel" to refer to "issue preclusion." The Supreme Court has clarified that the doctrine of "res

25   judicata" encompasses both "claim preclusion" and "issue preclusion." *Taylor v. Sturgell*, 553
     U.S. 880, 891 (2008); *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

26   Nonetheless, Defendants make clear that they move for summary judgment solely based on claim
     preclusion, not issue preclusion. *See* MSJ Reply at 1-3. In this Order, therefore, the Court adopts

27   the parties' use of the term "res judicata" to mean only claim preclusion. *See, e.g.*, *United States v.*
     *Bhatia*, 545 F.3d 757, 759 & n.2 (9th Cir. 2008) (adopting the parties' terminology).

28
                                                    4

**United States District Court**
For the Northern District of California

1    Under California law, "[r]es judicata, or claim preclusion, prevents relitigation of the same

2    cause of action in a second suit between the same parties or parties in privity with them." *Mycogen*

3    *Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). Claim preclusion applies when three

4    requirements are satisfied: (1) the prior proceeding resulted in a final judgment on the merits; (2)

5    the present action is on the same cause of action as the prior proceeding; and (3) the party to be

6    precluded was a party or in privity with a party to the prior proceeding. *Boeken v. Philip Morris*

7    *USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (citations omitted). "Even if these threshold requirements

8    are established, res judicata will not be applied 'if injustice would result or if the public interest

9    requires that relitigation not be foreclosed.'" *Consumer Advocacy Group, Inc. v. ExxonMobil*

10   *Corp.*, 168 Cal. App. 4th 675, 686 (2008) (quoting *Citizens for Open Access to Sand and Tide, Inc.*

11   *v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998)).

12   Here, the second and third requirements for res judicata are clearly satisfied. Plaintiff's

13   cross-claim against Discover Bank in the prior state action and the instant Complaint are based on

14   the same alleged harm suffered as a result of Defendants' filing of the January 14, 2011 state

15   complaint against Perez, and thus they assert the same cause of action. *See Boecken*, 48 Cal. 4th at

16   798 (explaining that a "cause of action" under California's primary rights theory is based on the

17   "harm suffered"). Furthermore, Plaintiff – the party against whom the defense is asserted – was

18   clearly a party to the prior state action. *See Consumer Advocacy Group*, 168 Cal. App. 4th at 689.

19   The dispositive issue presented here is thus the preclusive effect of Plaintiff's voluntary

20   dismissal with prejudice of his RFDCPA claims against Discover Bank pursuant to a settlement

21   agreement in the predicate state action. There is no question that under California law, "a dismissal

22   with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of

23   action." *Boeken*, 48 Cal. 4th at 793. A dismissal with prejudice following a settlement agreement

24   is no exception to this rule. *See In re Estate of Redfield*, 193 Cal. App. 4th 1526, 1533 (2011); *Rice*

25   *v. Crow*, 81 Cal. App. 4th 725, 733-34 (2000) ("[A] judgment or order dismissing an action, based

26   upon a stipulation or agreement of the parties settling and adjusting the claim or cause of action in

27   suit and providing for the dismissal, is a bar to another action of the same cause."). Nevertheless,

28

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

**United States District Court**
For the Northern District of California

1   Plaintiff argues that the scope of the prior judgment's preclusive effect must be determined by

2   looking to the terms of the Release and Settlement Agreement on which the voluntary dismissal

3   with prejudice was predicated.  Opp'n to MSJ at 7, 12.  Because the Release and Settlement

4   Agreement expressly excluded Defendants Gordon & Wong Law Group, Gordon, Wong, and Ford

5   from the terms of the release, expressly preserving Plaintiff's right to bring suit against them in a

6   subsequent proceeding, Plaintiff argues that his present claims are not barred by res judicata.

7        The Court agrees with Plaintiff.  Although the Court was unable to find a California case

8   directly on point, it is well settled under California law in the context of consent decrees, stipulated

9   judgments, and court-approved class action settlements that when "applying the doctrine of res

10   judicata, courts may examine the terms of the settlement to ensure that the defendant did not waive

11   res judicata as a defense."  *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562, 577 (2010).

12   "Although a stipulated judgment is no less conclusive than a judgment entered after trial and

13   contest . . . it is axiomatic that its res judicata effect extends only to those issues embraced within

14   the consent judgment."  *Ellena v. State of Cal.*, 69 Cal. App. 3d 245, 260 (1977) (internal citations

15   omitted)); *see also Louie v. BFS Retail and Commercial Operations, LLC*, 178 Cal. App. 4th 1544,

16   1557-60 (2009) (citing *United States v. Seckinger*, 397 U.S. 203, 206 n.6 (1970), for the

17   proposition that res judicata does not bar claims where the prior judgment expressly left open the

18   option to pursue those claims at a later time).  As the Supreme Court of California has explained,

19
20       The rule of res adjudicata is to prevent vexatious litigation and to require the parties
        to rest upon one decision in their controversy, but where they expressly agreed to
21       withdraw an issue from the court, the reason for the rule ceases.  The issue is not in
        fact adjudged, and the parties themselves having consented to that method of trial
22       are not entitled to invoke the rule which requires parties to submit their whole case
        to the court.  If they consent to adjudicate their differences piece-meal, there is no
23       reason that the court should extend the rules of law to prevent that which they had
        expressly agreed might be done.

24   *Miller & Lux, Inc. v. James*, 180 Cal. 38, 44 (1919); *accord Louie*, 178 Cal. App. 4th at 1559.

25   Although these California cases discuss res judicata in the context of consent decrees, stipulated

26   judgments, or court-approved class action settlements, the Court sees no reason why the underlying

27   principles would not be equally applicable to determining the preclusive effect of a dismissal with

28

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

United States District Court
For the Northern District of California

1   prejudice pursuant to the express terms of a private settlement agreement, as is the case here.  *See*

2   *Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 133 Cal.

3   App. 4th 1319, 1334 (2005) ("We have no quarrel with Travelers' proposition that parties may by

4   agreement limit the legal effect of a dismissal with prejudice so that it would not constitute a

5   retraxit and affect their rights in a later pending action." (citations omitted)).

6        Furthermore, the ability of parties to limit the scope of a judgment's preclusive effect

7   through the terms of a settlement agreement is an exception to the rule of res judicata recognized

8   by several federal appellate courts, including the Ninth Circuit.  *See, e.g.*, *California v. Randtron*,

9   284 F.3d 969, 975 (9th Cir. 2002) (res judicata did not apply where "[i]t was contemplated at the

10  time of the Consent Decree that other actions would lie against Randtron and its insurers to the

11  extent not covered under the settlement agreement"); *United States ex rel. Barajas v. Northrop*

12  *Corp.*, 147 F.3d 905, 911 (9th Cir. 1998) ("A settlement can limit the scope of the preclusive effect

13  of a dismissal with prejudice by its terms." (citing *Int'l Union of Operating Eng'rs v. Karr*, 994

14  F.2d 1426, 1432 (9th Cir. 1993); *Prestin v. Mobil Oil Corp.*, 741 F.2d 268, 273 n.6 (9th Cir.

15  1984)); *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1289-91 (11th Cir. 2004); *Keith*

16  *v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990) ("'Express agreement' between the parties that

17  litigation of one part of a claim will not preclude a second suit on another part of the same claim is

18  normally honored by courts."); *May v. Parker-Abbott Transfer and Storage, Inc.*, 899 F.2d 1007,

19  1010 (10th Cir. 1990); *Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576-77 (Fed.

20  Cir. 1989) (applying Third Circuit law).  Clear policy reasons underlie this well recognized

21  exception to res judicata.  As explained by the Eleventh Circuit, "[a] judgment dismissing an action

22  with prejudice based upon the parties' stipulation, unlike a judgment imposed at the end of an

23  adversarial proceeding, receives its legitimating force from the fact that the parties consented to it."

24  *Norfolk*, 371 F.3d at 1288.  Furthermore, as a practical matter, "parties may be able to settle part of

25  the claim only if another part is left free for later assertion. . . . Since a principal purpose of the

26  general rule of res judicata is to protect the defendant from the burden of relitigating the same

27  claim in different suits, consent, 'in express words or otherwise,' to the splitting of the claim

28

7

prevents the defendant from invoking claim preclusion." *Keith*, 900 F.2d at 740.  The Court is

therefore convinced that, to determine whether Plaintiff's claims are barred by res judicata, the

Court must look to the expressed intent of the parties as manifested in the Release and Settlement

Agreement resolving the prior state action.

In order to invoke this "exception to the normal res judicata effect of a judgment, . . . an

otherwise included issue [must] be withdrawn by an express reservation." *Ellena*, 69 Cal. App. 3d

at 261 (citing *Miller & Lux*, 180 Cal. 38).  Thus, the Court looks to the terms of the settlement

agreement to see whether Plaintiff's claims against Defendants here were expressly reserved.  In

California, "'the interpretation of a release or settlement agreement is governed by the same

principles applicable to any other contractual agreement.'" *Villacres*, 189 Cal. App. 4th at 598

(quoting *Gen. Motors Corp. v. Superior Court*, 12 Cal. App. 4th 435, 439 (1993)).  "The primary

goal of contract interpretation is to give effect to the mutual intent of the parties," and "[t]hat intent

is to be determined solely from the written provisions of the contract if possible, but also

considering the circumstances under which the contract was made and the matter to which it

relates." *Id.* (internal quotation marks and citations omitted).  Here, the language of the settlement

agreement makes clear that the parties did not intend to resolve issues relating to Defendants'

potential liability under the FDCPA or RFDCPA.  Although the Settlement Agreement provides a

general release in broad terms, which "release[s] and forever discharge[s] [Perez and Discover] and

their respective attorneys, parent corporations, affiliated corporations, subsidiary corporations,

predecessor corporations, successor corporations, and the officers, directors, agents, assigns,

servants, employees and attorneys of these entities of any and all claims," the Settlement

Agreement explicitly states: "*Notwithstanding the foregoing, nothing contained herein shall be*

*deemed to be a release of the Gordon & Wong Law Group, Andrew A. Ford, Mitchell L. Wong,*

*Thomas M. Ray or Amy Gordon*." *See* Decl. of Fred W. Schwinn, Ex. B ¶ 7 (emphasis added).

The Court agrees with Plaintiff that the intent of the parties to leave the issue of Defendants'

potential liability open and unsettled is manifest on the face of the settlement agreement. *See*

*Villacres*, 189 Cal. App. 4th at 589.  Because Plaintiff's claims against Defendants were expressly

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

1    reserved in the settlement agreement, they are not barred by res judicata.  Defendants' motion for

2    summary judgment on that basis is therefore DENIED.

3    **III.        MOTION TO STRIKE AFFIRMATIVE DEFENSES**

4              **A.  Legal Standard**

5              Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms its

6    defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).  Federal Rule of Civil

7    Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant,

8    immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A Rule 12(f) motion to

9    strike serves "to avoid the expenditure of time and money that must arise from litigating spurious

10   issues by dispensing with those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d

11   880, 885 (9th Cir. 1983); *see Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd*

12   *on other grounds*, 510 U.S. 517 (1994).  A defense may be stricken as insufficient if it fails to give

13   plaintiff "fair notice" of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.

14   1979); *see generally* Fed. R. Civ. P. 8.  A court may also strike from an answer matter that is

15   immaterial, *i.e.*, "that which has no essential or important relationship to the claim for relief or the

16   defenses being plead," or matter that is impertinent, *i.e.*, that which does not pertain, and is not

17   necessary, to the issues in question.  *Fantasy*, 984 F.2d at 1527.

18             As a threshold matter, the parties dispute what standard applies to Defendants' pleading of

19   affirmative defenses.  The Ninth Circuit has long held that "[t]he key to determining the sufficiency

20   of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak*,

21   607 F.2d at 827.  The question winding its way through district courts throughout this circuit and

22   throughout the country, however, is whether the "plausibility" pleading standard for complaints

23   announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and extended to all civil

24   complaints in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), redefines what constitutes

25   "fair notice" of an affirmative defense pled in an answer.  Plaintiff contends that it does;

26   Defendants contend it does not.

27

28

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

**United States District Court**
For the Northern District of California

At the time *Wyshak* was decided, the fair notice pleading standard was governed by *Conley v. Gibson*, 355 U.S. 41 (1957), which held that "a complaint [could] not be dismissed for failure to state a claim unless it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46; *see also Twombly*, 550 U.S. at 560-61 (explaining that *Conley*'s "no set of facts" standard was the governing interpretation of "fair notice"). *Conley* explained that "all the [Federal Rules of Civil Procedure] require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of *both claim and defense* and to define more narrowly the disputed facts and issues." 355 U.S. at 47-48 (emphasis added). In *Wyshak*, the Ninth Circuit applied the *Conley* pleading standard for complaints to the pleading of affirmative defenses. *See* 607 F.2d at 827 (citing *Conley*, 355 U.S. at 47-48).

However, the Supreme Court's *Twombly* and *Iqbal* decisions in 2007 and 2009, respectively, departed from *Conley* and redefined the pleading requirements under Rule 8. Under *Twombly* and *Iqbal*, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Rather, "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 554-55 (quoting *Conley*, 355 U.S. at 47), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). *Iqbal* further explained that fair notice pleading under Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

Given that *Twombly* and *Iqbal* have since displaced *Conley*'s interpretation of the fair notice pleading standard for complaints, the Court "can see no reason why the same principles

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

United States District Court
For the Northern District of California

applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8." *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (Patel, J.); *Barnes & Noble, Inc. v. LSI Corp.*, No. C-11-2709, 2012 WL 359713, at *2 (N.D. Cal. Feb. 2, 2012) (Chen, J.) ("*Twombly*'s rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses."). The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief. *See Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988). Courts have observed that "Rule 8's requirements with respect to pleading defenses in an answer parallel the Rule's requirements for pleading claims in a complaint." *Barnes*, 718 F. Supp. 2d at 1172; *see Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("Affirmative defenses are governed by the same pleading standard as complaints. . . . Like complaints, affirmative defenses must give plaintiff 'fair notice' of the defense being advanced." (quoting *Wyshak*, 607 F.2d at 827)); *compare* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief") *with* Fed. R. Civ. P. 8(b)(1) (requiring a responsive party to "state in short and plain terms its defenses to each claim asserted against it"). Indeed, this parallelism appears to be the very reason the Ninth Circuit applied *Conley* to the pleading of affirmative defenses in *Wyshak*. *See Wyshak*, 607 F.2d at 827 (citing *Conley*, 355 U.S. at 47-48). Thus, in light of *Twombly* and *Iqbal*'s reconceptualization of fair notice pleading, the Court agrees that "[a]pplying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009).

Defendants proffer two main arguments against extending *Twombly* and *Iqbal* to the pleading of affirmative defenses. First, Defendants argue that *Twombly* and *Iqbal*'s plausibility

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

**United States District Court**
For the Northern District of California

1  requirement is directed at Rule 8(a)'s requirement that a plaintiff "show" entitlement to relief,

2  which is not a requirement of Rule 8(b).  *Compare* Fed. R. Civ. P. 8(a)(a) ("A pleading that states a

3  claim for relief must contain . . . a short and plain statement of the claim *showing* that the pleader is

4  entitled to relief . . ." (emphasis added)) *with* Fed. R. Civ. P. 8(b)(1)(A) (requiring a defendant to

5  "affirmatively *state* any avoidance or affirmative defense" (emphasis added)).  Second, Defendants

6  argue that a defendant should be held to a lower pleading standard than a plaintiff because a

7  defendant has only twenty-one days to prepare and file an answer to a complaint, compared to a

8  plaintiff who initiates the lawsuit.  *See* Opp'n to MTS at 3-7.  The Court is not persuaded.  As

9  previously discussed, it is well established that "[a]ffirmative defenses are governed by the same

10  pleading standard as complaints," *Qarbon.com*, 315 F. Supp. 2d at 1049, notwithstanding the

11  differences in the wording of Rule 8(a) and Rule 8(b).  Furthermore, "[w]hile it is true that the

12  Federal Rules allow only twenty-one days to file an answer, this Circuit has liberalized the

13  requirement that affirmative defenses be raised in a defendant's initial pleading and allows

14  affirmative defenses to be asserted in a later motion absent prejudice to the non-moving party."

15  *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727, 2012 WL 160221, at *3 (N.D. Cal. Jan. 17,

16  2012) (Conti, J.) (citing *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010)).

17  Thus, Defendants have not offered persuasive justification why the fair notice pleading standard

18  announced in *Twombly* and *Iqbal* should not apply to the pleading of affirmative defenses.

19       Although neither the Supreme Court nor any of the circuit courts has yet to address this

20  question,[4] "the vast majority" of federal district courts presented with the issue have reached the

21  same conclusion.  *See Barnes*, 718 F. Supp. 2d at 1171-72 (citing cases).  While some district

22  courts have declined to extend *Twombly*'s heightened pleading standard to affirmative defenses,[5]

---

23  [4] The Ninth Circuit has cited *Wyshak*'s fair notice standard at least once since *Iqbal* was decided.

24  *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at

25  827).  However, that panel did not have the issue of Rule 8 pleading standards squarely before it,
and its citation of *Wyshak* appeared in a discussion focused on when, not how, to plead an

26  affirmative defense.  *See id.* at 1022-23.  Moreover, the panel's mere recitation of *Wyshak*'s fair
notice standard provides no guidance for the question presented here, which is how to construe

27  what constitutes "fair notice" to plaintiff post-*Iqbal*.

28  [5] *See, e.g., Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. SA CV 11-1161 DOC,
2012 WL 177576, at *1-3 (C.D. Cal. Jan. 20, 2012) (Carter, J.); *Baroness Small Estates, Inc. v.*

thus far it appears the courts in the Northern District of California have consistently done so.  *See, e.g., Barnes*, 718 F. Supp. 2d at 1172; *Dion*, 2012 WL 160221, at *2; *J & J Sports Prods., Inc. v. Mendoza-Govan*, No. 10-CV-05123, 2011 WL 1544886, at *1 (N.D. Cal. Apr. 25, 2011) (Alsup, J.); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. 09-CV-02429, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) (Alsup, J.) ("Under the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense"); *see also Barnes & Noble*, 2012 WL 359713, at *2 (recognizing that "*Twombly*'s rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses," but declining to extend the *Twombly* standard to patent litigation); *Bottoni v. Sallie Mae, Inc.*, No. C 10-03602, 2011 WL 3678878, at *1 (N.D. Cal. Aug. 22, 2011) (Beeler, M.J.). Although this Court is not bound by the decisions of other district courts, it finds Judge Patel's reasoning in *Barnes*, adopted also by others in this district, to be persuasive.  The Court therefore joins those other district courts in concluding that the heightened "plausibility" standard articulated in *Twombly*, and extended to all civil pleadings in *Iqbal*, applies equally to the pleading of affirmative defenses as it does to the pleading of claims for relief in a complaint.  This standard "serve[s] to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes*, 718 F. Supp. 2d at 1172.  This standard is also consistent with *Iqbal*'s admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial.  *See Iqbal*, 129 S. Ct. at 1950.

Thus, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient."  *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-cv-02825, 2011 WL 176846, at *4 (N.D. Cal. Jan. 19, 2011)

*BJ's Restaurants, Inc.*, No. SACv 11-00468-JST (Ex), 2011 WL 3438873, at *5-6 (C.D. Cal. Aug. 5, 2011); *Meas v. CVS Pharmacy, Inc.*, No. 11cv0823 JM (JMA), 2011 WL 2837432, at *2-3 (S.D. Cal. July 14, 2011) (Miller, J.); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) (Fox, J.).

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

(Koh, J.) (citing *CTF Dev.*, 2009 WL 3517617, at *7; *cf. Iqbal*, 129 S. Ct. at 1949 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.").  "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Dion*, 2012 WL 160221, at *2 (internal citations omitted).  If the Court determines that a pleading is deficient, it may strike the pleading and require the non-moving party to submit an amended pleading that includes more specific allegations. *Helm v. Alderwoods Group, Inc.*, No. C 08-1184, 2011 WL 5573837, at *2 (N.D. Cal. Nov. 15, 2011) (Illston, J.) (citing *Williams v. California 1st Bank*, 859 F.2d 664, 665 (9th Cir. 1988)).  When striking an affirmative defense, leave to amend should be freely given so long as no prejudice to the moving party results.[6] *Wyshak*, 607 F.2d at 826; *Qarbon.com*, 315 F. Supp. 2d at 1049.

### B. Whether Defenses Are Limited by FDCPA § 1692k

Next, the parties dispute the scope of defenses available to Defendants under the FDCPA.  Plaintiff argues that all of Defendants' affirmative defenses, except for the second and third affirmative defenses, necessarily fail as a matter of law because Defendants are limited to asserting only those defenses explicitly set forth in the FDCPA itself.  MTS at 6.  The FDCPA expressly identifies three defenses: (1) failure to comply with a one-year statute of limitations; (2) good faith reliance on an advisory opinion of the Consumer Financial Protection Bureau; and (3) bona fide error.  *See* 15 U.S.C. § 1692k(c)-(e) (2010).[7]  Plaintiff argues that, under the doctrine of *expressio*

---

[6] The *Barnes* court noted that prejudice may arise solely from a plaintiff's being required to engage in discovery on frivolous issues, which suggests that any insufficiently pled affirmative defense may be struck with prejudice.  *Barnes*, 718 F.Supp. at 1173.  In this case, Plaintiff specifically asks that Defendants be given leave to amend.  MTS at 18.  The Court therefore will not impute prejudice to Plaintiff at this time.

[7] The relevant provisions of the FDCPA read as follows:

> (c) Intent.  A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  (d)

14

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

1    *unius est exclusio alterius*, Congress' enumeration of these three affirmative defenses in the

2    FDCPA manifests Congress' intent to exclude all others.  MTS Reply at 4.

3         First, the Court notes that nothing in the FDCPA expressly limits available defenses to

4    those listed in the statute, and so the plain language indicates that there is no such limitation.  *See*

5    15 U.S.C. §§ 1692, *et seq.*; *Clark v. Capital Credit and Collection Servs. Inc.*, 460 F.3d 1162, 1168

6    (9th Cir. 2006) ("[W]here the statute's language is plain, the sole function of the courts is to

7    enforce it according to its terms . . . for courts must presume that a legislature says in a statute what

8    it means and means in a statute what it says there.") (citation omitted)).  As the Ninth Circuit has

9    long held, "however helpful rules of construction may be, the courts will construe the details of an

10   act in conformity with its dominating general purpose, will read text in the light of context[,] and

11   will interpret the text so far as the meaning of the words fairly permits so as to carry out in

12   particular cases the generally expressed legislative policy."  *Clark*, 460 F.3d at 1169 (internal

13   quotation marks, citations, and alterations omitted); *see also Longview Fibre Co. v. Rasmussen*,

14   980 F.2d 1307, 1313 (9th Cir. 1992) (holding that *expressio unius* "is a rule of interpretation, not a

15   rule of law.  The maxim is 'a product of logic and common sense,' properly applied only when it

16   makes sense as a matter of legislative purpose." (citation omitted)).

17        Second, the Ninth Circuit has already recognized the availability in a FDCPA case of at

18   least one common law affirmative defense – waiver – not expressly enumerated in § 1692k(c)-(e).

19   *See Clark*, 460 F.3d at 1169-70.  Moreover, in doing so, the Ninth Circuit considered and rejected

20   an *expressio unius* statutory interpretation argument in the context of interpreting a different

---

22   Jurisdiction.  An action to enforce any liability created by this subchapter may be
     brought in any appropriate United States district court without regard to the amount
23   in controversy, or in any other court of competent jurisdiction, within one year from
     the date on which the violation occurs.  (e) Advisory opinions of Bureau.  No
24   provision of this section imposing any liability shall apply to any act done or
     omitted in good faith in conformity with any advisory opinion of the Bureau,
25   notwithstanding that after such act or omission has occurred, such opinion is
     amended, rescinded, or determined by judicial or other authority to be invalid for
26   any reason.
27   15 U.S.C. § 1692k(c)-(e).  Defendants do not assert good faith reliance on an advisory opinion of
     the Bureau as an affirmative defense.

28

United States District Court
For the Northern District of California

15

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

United States District Court
For the Northern District of California

provision of the FDCPA.  *See id.* (holding that a waiver defense may be pled in an FDCPA action, even though the plain language of the FDCPA does not "contemplate" a waiver exception).  In *Clark*, the Ninth Circuit interpreted the scope of § 1692c(c), which includes three explicit circumstances under which a debt collector subject to a cease communication directive may lawfully contact the consumer.  *Clark*, 460 F.3d at 1169.  The question presented was whether such a debt collector may contact the consumer at the consumer's request, even though "the plain language of § 1692c(c) [does not] contemplate waiver."  *Id.*  The Ninth Circuit concluded that, "absent some affirmative indication of Congress' intent to preclude waiver," a consumer could waive certain protections under the FDCPA without undermining the general purpose and policy of the statute.  *Id.* at 1170; *see id.* at 1169-70 (explaining that "Congress enacted the FDCPA to protect consumers from 'improper conduct' and illegitimate collection practices 'without imposing unnecessary restrictions on ethical debt collectors.'" (quoting S. Rep. No. 95-382, at 1 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696, 1698-99)).

Plaintiff argues that *Clark* is inapposite because Plaintiff here has not brought a claim under § 1692c(c).  MTS Reply at 5.  While Plaintiff may ultimately be correct that Defendants' waiver defense is insufficiently pled, the merits of Defendants' particular defenses are irrelevant for purposes of evaluating Plaintiff's preliminary argument that the FDCPA precludes a defendant from even attempting to assert a non-enumerated defense.  Plaintiff cannot deny that had he pled a claim under § 1692c(c), Defendants could assert waiver as a defense, even though waiver is not one of the three defenses enumerated in § 1692k(c)-(e).  In short, the Court is not persuaded by Plaintiff's argument that § 1692k(c)-(e) constitutes an exhaustive list of available affirmative defenses in a case brought under the FDCPA.

Of course, the Court in no way suggests that every conceivable defense may be asserted appropriately in an FDCPA action.  But where a non-enumerated defense is consistent with both the statute's plain language and its stated policy goals, the Court declines to strike such a defense as a matter of law.  Nothing in the language of the FDCPA limits defenses to those described in § 1692k, and the Ninth Circuit has already recognized at least one FDCPA defense (waiver) not

16

explicitly described in the statute.  The Court concludes that the universe of appropriate defenses available to a defendant in an FDCPA case is not limited to those expressly enumerated in § 1692k. The Court therefore will not strike affirmative defenses (1) and (4)-(15) on this basis.[8]

### C. Discussion of Affirmative Defenses

In their Answer, Defendants assert fifteen affirmative defenses.  The majority of these defenses appear to be boilerplate assertions, and Plaintiff urges that they all be dismissed as insufficiently pled, legally insufficient, immaterial, or not an affirmative defense.  Because the Court's ruling on Defendants' motion for summary judgment based on res judicata renders moot Plaintiff's motion to strike Defendants' thirteenth affirmative defense (res judicata), the Court will not strike the thirteenth affirmative defense.  The Court has reviewed the remaining fourteen affirmative defenses and reaches the following conclusions.

### 1. Defenses Insufficiently Pled

First, Plaintiff argues that all of Defendants' affirmative defenses should be stricken as insufficiently pled under the *Iqbal/Twombly* plausibility standard.  The Court agrees with Plaintiff that none of the affirmative defenses are pled with sufficient particularity to give Plaintiff fair notice of the grounds for the asserted defense.  As discussed above, while the Rule 8 pleading standard does not require extensive, detailed factual allegations, bare statements reciting mere legal conclusions are insufficient.  *See Iqbal*, 129 S. Ct. at 1949; *Wyshak*, 607 F.2d at 827.  Defendants' listing of affirmative defenses consists of just that.  Each of the fifteen affirmative defenses recites a legal conclusion but fails to "point to the existence of some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face."  *Barnes*, 718 F. Supp. 2d at 1172.  For example, Defendants' third affirmative defense, "bona fide error," reads in its entirety: "To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by

---

[8] Furthermore, Plaintiff has pled an RFDCPA claim alongside his FDCPA claim, and he does not argue that the RFDCPA limits defenses.  Thus, as Defendants point out, even if the Court were to agree with Plaintiff that the FDCPA limits the defenses available to Defendants, the FDCPA alone could not compel this Court to strike affirmative defenses that apply just as well to RFDCPA claims.  *See* Opp'n to MTS at 8 n.7; *see also Dion*, 2012 WL 160221, at *1 n.1.

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendants of procedures reasonably adapted to avoid any such error." Answer at 8. Defendants fail to identify in their Answer any actual procedures reasonably employed to prevent the alleged FDCPA and RFDCPA violations. Defendants' fourth affirmative defense, "unclean hands," is equally deficient. It states, in its entirety: "The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands." *Id.* Defendants do not point to any conduct on Plaintiff's part that would provide grounds for an unclean hands defense. Another illustrative example is the tenth affirmative defense, "supervening cause," which reads in its entirety: "The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants have or have no control." Answer at 10. Defendants fail to allege any actual intervening or supervening events on which they base their affirmative defense. All of the affirmative defenses are similarly deficient. Without these basic factual allegations, Plaintiff cannot ascertain the grounds for Defendants' various affirmative defenses and is thus deprived of fair notice. *See, e.g.*, *Qarbon.com*, 315 F. Supp. 2d at 1049-50 (striking affirmative defenses that set forth only general allegations and failed to provide a factual basis for the defense); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-05718, 2011 WL 6293922, at *2 (N.D. Cal. Dec. 15, 2011) (Davila, J.) (striking affirmative defenses, including failure to mitigate damages, because defendant failed to identify what damages could have been mitigated by the plaintiff or how she "failed to do so"); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (Koh, J.) (striking affirmative defenses—such as unclean hands, res judicata, collateral estoppel, and superseding events—for failure to provide "basic information" necessary for fair notice to plaintiff); *CTF Dev.,* 2009 WL 3517617, at *7 ("[S]imply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'") (emphasis in original).

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

United States District Court
For the Northern District of California

1   Accordingly, the remaining fourteen affirmative defenses are insufficiently pled,[9] and

2   Plaintiff's motion to strike is GRANTED as to affirmative defenses one through twelve, fourteen,

3   and fifteen.

4   ## 2.  Defenses That Are Not Actually Affirmative Defenses

5   The Court observes that some of the affirmative defenses may also be stricken on

6   alternative grounds.  Specifically, the first (failure to state a claim) and fifteenth (standing)

7   affirmative defenses are not actually affirmative defenses.  "Affirmative defenses plead matters

8   extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the

9   allegations of the complaint are true."  *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp.

10  259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640-41 (1980)).  The defendant

11  bears the burden of proof on an affirmative defense.  *See Kanne*, 867 F.2d at 492 n.4.  In contrast,

12  "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative

13  defense."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *see also G & G

14  Closed Circuit Events*, 2010 WL 3749284, at *5 ("[D]enials of the allegations in the Complaint or

15  allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses."

16  ).  Thus, Defendants' first affirmative defense, based on failure to state a claim upon which relief

17  can be granted, is better understood as a denial of Plaintiff's allegations rather than as an

18  affirmative defense.  *See Barnes*, 718 F. Supp. 2d at 1174 ("Failure to state a claim is not a proper

19  affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case.").  Defendants

---

[9] The Court notes that most of Defendants' affirmative defenses would fail even under the pre-*Iqbal/Twombly* pleading standard. *See, e.g., Scott*, 2011 WL 176846, at *5.  In *Scott*, another case brought under the FDCPA and RFDCPA, the parties did not raise, and thus the Court did not consider, whether the *Iqbal/Twombly* pleading standard applies to affirmative defenses. Nonetheless, the Court struck all affirmative defenses as insufficiently pled, except those based on "unintentional" conduct, "reasonable reliance" on information provided by clients, and "good faith compliance" with Bureau advisory opinions, because those defenses "clearly relate to FDCPA and Rosenthal Act claims, and thus the Court cannot find that they have no essential or important relationship to the claim for relief or the defenses being pleaded." *Id.* at *7 (internal quotation marks and citations omitted).  Under the *Iqbal/Twombly* pleading standard that the Court adopts today, even defenses that clearly relate to the plaintiff's stated claim for relief must be supported by some factual allegation that makes the defense plausible and not just possible. *See Barnes*, 718 F. Supp. 2d at 1172.

19

argue that because failure to state a claim is included in Form 30 in the appendix to the Federal Rules of Civil Procedure, it is specifically authorized as an affirmative defense under Rule 84. Opp'n to MTS at 10-11. This exact argument was rejected in *Barnes*. *See* 718 F. Supp. 2d at 1174. The Court agrees that, notwithstanding its inclusion in Civil Form 30, "failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."[10] *Id.* Likewise, Defendants' fifteenth affirmative defense, that "Plaintiff lacks standing to pursue the claims asserted in this action," is not an affirmative defense but rather a denial of Plaintiff's allegations contained in the complaint asserting the constitutional requirement of standing. *See* Answer at 12.

For these additional reasons, the Court strikes Defendants' first and fifteenth affirmative defenses. Defendants may not re-allege these defenses in an amended answer, but they are not precluded from raising these grounds in a properly made motion.

### 3. Immaterial and Impertinent Defenses

Finally, the Court concludes that Defendants' ninth (apportionment) and eleventh (equitable indemnity) affirmative defenses, while applicable in negligence and intentional tort actions, have no relation to the FDCPA or RFDCPA claims asserted in Plaintiff's Complaint. *See Scott*, 2011 176846, at *6 (striking as immaterial or impertinent a number of affirmative defenses—such as comparative negligence, negligence of third parties, and failure to use reasonable care—that are generally applicable in negligence and tort actions and have no apparent relation to an FDCPA claim). Thus, the ninth and eleventh affirmative defenses are also stricken as immaterial or impertinent.

## IV.   CONCLUSION

---

[10] Moreover, Form 30 does not list "failure to state a claim" as an affirmative defense. Form 30 provides a template for an "Answer Presenting Defenses Under Rule 12(b)." Among other subheadings, Form 30 lists "Failure to State a Claim" and "Failure to Join a Required Party," which correspond to defenses under Rule 12(b)(6) and (7), respectively. The only illustrative "Affirmative Defense" listed on Form 30 is "Statute of Limitations." *See* Fed. R. Civ. P. App. Civ. Form 30.

20

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES

For the foregoing reasons, Defendants' motion for summary judgment is DENIED. Plaintiff's motion to strike all fifteen affirmative defenses is GRANTED as to all but affirmative defense thirteen, which is DENIED as moot.  Because leave to amend affirmative defenses should be freely given where it will not prejudice the moving party, *Wyshak*, 607 F.2d at 826, and Plaintiff here has specifically asked that Defendants be given leave to amend, *see* MTD at 18, the Court grants Defendants leave to amend all affirmative defenses except the first and fifteenth defenses, which are not in fact affirmative defenses.  Defendants may file an amended Answer in accordance with this Order within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: March 26, 2012

_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-03323-LHK
ORDER DENYING MOTION FOR SUMMARY JUDGMENT; GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE AFFIRMATIVE DEFENSES